# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORI RICE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 14 CV 3278 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant United States of America's motion to dismiss pursuant to the Illinois Statute of Repose [12] and on Mount Sinai Hospital Medical Center of Chicago's motion to intervene [19] pursuant to Federal Rule of Civil Procedure 24(b). For the reasons set forth below, the Court grants Defendant United States of America's motion to dismiss [12] and dismisses Counts I-III and V-VII. Count IV ("Survival Action" brought on behalf of the Decedent) remains pending. The Court denies Mount Sinai Hospital Medical Center of Chicago's motion to intervene [19].

**I.    Background**

In essence, the complaint before the Court, brought pursuant to the Federal Tort Claims Act, alleges that between July 2008 and November 2008, employees or agents of the United States rendered negligent prenatal care; Count VI is a claim for funeral expenses; and Count VII is a claim for loss of consortium brought by Paul Moczulewski. In short, all of the claims other than the Count IV survival claim of the decedent are brought by and on behalf of adults.

The procedural history of Plaintiffs' claims is familiar to the Court. Prior to filing the instant complaint, Plaintiff Lori Rice filed a complaint in state court on August 12, 2010. Her

state court complaint named several defendants, including Mount Sinai Medical Center, Access Community Health Network ("Access"), Howard Grundy, Charles Lampley, and Melvin Merritt. On March 30, 2011, by certification of the designee of the Attorney General, the United States deemed Access Community Health Network, Howard Grundy, and Charles Lampley to be employees of the United States. Subsequently, on April 4, 2011, the United States removed the state court complaint to federal court and by operation of law was substituted as Defendant in place of Lampley, Grundy, and Access. The United States then moved to dismiss the lawsuit with regard to the United States because Rice had not yet exhausted her administrative remedies. On April 28, 2011, the Court dismissed the United States from the lawsuit and remanded the remaining claims (brought against private parties) to the Circuit Court of Cook County.

After the remand, Rice filed an FTCA claim in June 2011 with the United States Department of Health and Human Services with regard to the acts or omissions of Access, Lampley, and Grundy, as she was permitted to do under 28 U.S.C. § 2679(d)(5). After waiting for more than six months after filing her administrative claim (and thereby exhausting her administrative remedies pursuant to 28 U.S.C. § 2675),[1] on September 30, 2013, Rice filed an amended complaint in her state court case, naming Access, Grundy, and Lampley as defendants, even though the three defendants were already deemed employees of the United States and the United States previously had been substituted for those defendants.

After she filed her amended complaint in state court (adding the federal Defendants), on November 6, 2013, the Department of Health and Human Services denied Rice's administrative

---

[1] The FTCA provides that six months after the filing of an administrative claim, claimants may treat the lack of a response from the agency as a denial of their claim and file a lawsuit in federal district court, meaning that Plaintiffs could have filed a lawsuit in federal district court any time after December 16, 2011. See 28 U.S.C. § 2675(a); *Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013) (even if a plaintiff does not receive a response from an agency within six months, the plaintiff is "free to bring an action in federal court under 28 U.S.C. § 2675(a) (the 'deemed denied' provision.").

claim. In its denial letter, the Department informed Rice that if she was dissatisfied with the determination of the agency she could file suit against the United States in the appropriate federal district court within six months from the date of mailing of the denial. Based on the language in the denial letter, Rice had until May 6, 2014, to file suit against the United States in the appropriate federal district court. 28 U.S.C. § 2401(b).

On November 19, 2013, the United States removed the amended complaint from state court pursuant to 28 U.S.C. § 1442(a)(1) and moved to dismiss the claims against it pursuant to the derivative jurisdiction doctrine. Essentially, the United States argued that because the state court had no jurisdiction over the claims against the federal defendants, the federal court acquires none on removal. In April 2014, this Court concluded that when Rice filed her amended complaint in state court against (effectively) the United States as a defendant (and brought common law negligence theories without invoking the Federal Tort Claims Act), the state court had no jurisdiction over her claims against the federal defendants.[2] And because the state court had no jurisdiction over Rice's amended complaint with regard to her claims against the United States, this Court acquired no jurisdiction upon removal. Accordingly, the Court dismissed Rice's claims against the United States without prejudice and once again remanded the remaining state law claims to the Circuit Court of Cook County.

---

[2] When a state-court case against the United States is removed pursuant to 28 U.S.C. § 1442(a), the federal court's jurisdiction is derivative of that of the state court, and where the state court lacked jurisdiction, the derivative jurisdiction doctrine holds that the federal court lacks jurisdiction upon removal. See *Edwards v. United States Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (citing *Minnesota v. United States*, 305 U.S. 382, 389 (1939)); see also *Lambert Run Coal Co. v. Baltimore & Ohio O.R. Co.*, 258 U.S. 377, 382 (1922) ("[t]he jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject matter or the parties, the federal court acquires none[.]"); *Dunne v. Hunt*, 2006 WL 1371445, at *4 (N.D. Ill. May 16, 2005) (concluding that because the district court's jurisdiction under § 1442(a) is derivative of the state court's jurisdiction, and the state court had no jurisdiction, the district court likewise had no jurisdiction) (citation omitted); *McCarter v. John Hancock Center*, 2002 WL 31875470, at *3 (N.D. Ill. Dec. 26, 2002); *People v. Mayfield*, 1999 WL 414264, at *2 (N.D. Ill. May 27, 1999) ("[o]n removal from state court pursuant to Section 1442, this Court's jurisdiction is derivative of the state court's jurisdiction").

Prior to dismissal of the removed case, the parties had requested leave to raise an additional issue. Plaintiff was concerned that some parts of a newly-filed complaint in federal district court may be barred by the Illinois statute of repose. However, given the Court's conclusion that the doctrine of derivative jurisdiction applied, the obstacles that could face Rice if she presented a complaint that cleared the FTCA's hurdles were not yet before the Court because she had not yet cleared those hurdles. On May 5, 2014, Plaintiff filed the present FTCA lawsuit, naming the United States as the sole defendant and in effect clearing the hurdles previously noted. However, as predicted, Defendant now contends that the statute of repose for medical malpractice claims has long since lapsed.

## II. Analysis

### A. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

The Seventh Circuit has been clear in its assessment of the limitations periods: "[O]n the subject of the statute of limitations * * * * [w]hat a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them. The period of limitations is an affirmative defense * * * * We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)." *Richards v. Mitcheff,* 696 F.3d 635, 637–38 (7th Cir. 2012) (internal citations omitted) (reminding judges to "respect the norm that complaints need not anticipate or meet potential affirmative defenses"); see also *United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623 (7th Cir.2003); *United States v. Northern Trust Co.,* 372 F.3d 886 (7th Cir. 2004); *Xechem, Inc. v. Bristol—Myers Squibb Co.,* 372 F.3d 899 (7th Cir. 2004). However, despite these admonitions, the Seventh Circuit also consistently has reaffirmed that a plaintiff may plead herself out of court by alleging facts that are sufficient to establish a statute-of-limitations defense. See *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 675 (7th Cir. 2009) (dismissal is appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Andonissamy v. Hewlett–Packard Co.,* 547 F.3d 841, 847 (7th Cir.2008) (stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (internal quotations omitted); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.,* 350 F.2d 623, 626 (7th Cir.2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"); *Xechem, Inc. v. Bristol–Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir.2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable

5

defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."); see also *Baldwin v. Metro. Water Reclamation Dist. Of Greater Chicago,* 2012 WL 5278614, at * 1 ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings * * *.") (quoting *Mitcheff,* 696 F.3d at 637).

In the present case, Plaintiffs pled all of the necessary facts to resolve this issue. Where a plaintiff has pled facts which arguably establish an affirmative defense and both sides have briefed the issue, practical considerations—such as discovery costs, attorneys' fees, and judicial efficiency—provide courts with ample reasons to resolve a dispositive point of law early in a case, whether the parties have briefed the question as a 12(b)(6) or a 12(c) issue. In either case, a court's decision rests on the pleadings and whether a plaintiff has affirmatively pled herself out of court.

Plaintiffs' seven-count complaint alleges medical malpractice and derivative claims under the Federal Tort Claims Act (FTCA). As previously noted, Plaintiffs did not file this lawsuit until May 2014. As a result, the United States maintains that the counts of the complaint brought on behalf of Lori Rice, Paul Moczulewski, or the estate of Miriam Moczulewski (Counts I, II, III, V, VI, and VII) should be dismissed as barred by the Illinois four-year statute of repose for actions for medical malpractice because all of the alleged negligence took place in 2008, more than four years before this lawsuit was filed. 735 ILCS 5/13-212(a). The United States concedes that the claim brought on behalf of Miriam Moczulewski (Count IV) for any pain and suffering allegedly experienced prior to her death is not subject to the four-year statute of repose. 735 ILCS 5/13-212(b) (eight-year statute of repose applicable to minor's medical malpractice claims).

Under the FTCA, the United States is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The United States is liable under the FTCA "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Illinois law provides that no action for medical malpractice shall be brought more than two years after the date on which the claimant knew, or through the use of reasonable diligence, should have known, of the existence of the injury for which damages are sought, "but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury * * *." 735 ILCS 5/13-212(a); see also 735 ILCS 5/13-203 (actions for damages for loss of consortium deriving from injury to another person shall be commenced within the same period of time as actions for damages for injury to such other person). Illinois's statute of repose is not a procedural rule but "a substantive limitation on the tort of medical malpractice" that functions as an absolute bar to an action. *Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013). The statute of repose, by establishing a certain date for the termination of actions, bars a claim no matter when the cause of action accrues, and can even extinguish a right of action before the right of action ever accrues. *Id.* at 753.

In this case, the allegedly mismanaged prenatal care took place between July and November 2008, culminating with the premature delivery of Miriam Moczulewski on November 10, 2008. Thus, under the Illinois statute of repose, suits filed after November 10, 2012, would

7

be subject to the statutory bar. Thus, putting aside for a moment the messy procedural history of this case, because this suit was not filed until May 5, 2014, approximately five and a half years after the incident giving rise to the claims, it would appear that this suit would be barred by the statute of repose and Counts I, II, III, V, VI, and VII should be dismissed. Under recent Seventh Circuit precedent, this is true even though Plaintiffs brought their suit within six months of the Department of Health and Human Services denial of Rice's administrative claim. See *Augutis*, 732 F.3d at 752 (affirming district court's dismissal of lawsuit as barred by statute of repose and concluding that "the Illinois statute of repose for medical malpractice claims is substantive law, and thus bars [plaintiff's] suit even though he complied with the FTCA's own procedural requirements.") (internal citation omitted); *id.* at 753-54 (noting that "the FTCA makes the United States liable for personal injuries caused by its negligence 'only to the extent it would be liable as a private person under Illinois law.'"). In essence, if they can, plaintiffs must comply with the requirements of both regimes: FTCA's own procedural scheme as well as state substantive law such as the statute of repose. Here, Plaintiffs could have complied, but they failed to act in a timely manner.

Plaintiffs do not take issue with the analysis set out above. Instead, they contend that the Illinois Savings Statute, 735 ILCS 5/13-217, saves their current lawsuit from dismissal. The statute reads:

> In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against

> the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue. No action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired.

735 ILCS 5/13–217 (West 1994); see also *Hudson v. City of Chicago,* 889 N.E.2d 210, 214 n. 1 (Ill. 2008) (explaining that the pre–1995 version of § 13–217 remains in effect due to the unconstitutionality of a subsequent amendment). Essentially, the statute gives parties the opportunity to refile a cause of action if its prior disposition rested on the grounds specifically enumerated in the statute. *Schrager v. Grossman*, 752 N.E.2d 1, 4 (2000). Specifically, the statute allows a plaintiff to refile a cause of action within one year of its dismissal or within the remaining period of limitations, whichever is greater. *Id.* However, the Illinois Supreme Court has interpreted this statute as "permitting only one additional filing of a claim, even where the applicable statute of limitations has not yet expired." *Id.* (citing *Flesner v. Youngs Development Co.*, 582 N.E.2d 720 (1991) and *Timberlake v. Illini Hospital,* 676 N.E.2d 634 (1997)).

As Plaintiffs correctly note, in *Hinkle by Hinkle v. Henderson*, 85 F.3d 298, 302 (7th Cir. 1996), the Seventh Circuit held, in the context of the medical malpractice statute of repose, that the Illinois savings statute affords plaintiffs another opportunity to have their case heard when their first suit for medical malpractice is dismissed for some procedural defect. The Seventh Circuit noted that "[t]he purpose of the statute is 'to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits.'" *Id.* (quoting *DeClerck v. Simpson*, 577 N.E.2d 767, 769 (1991) (internal quotations omitted). But the Seventh Circuit also stated clearly that "only one refiling is allowed." The Seventh Circuit specifically noted that "[t]he one-year refiling period under the savings statue might end well before expiration of the limitation period, and when it does, only one refiling is allowed." *Id.*

9

(citing *Flesner*, 582 N.E.2d at 721).  Indeed, the Illinois Supreme Court in *Flesner* explicitly held that the language of the savings statute provides "for one and only one refiling regardless of whether the applicable statute of limitations has expired."[3]

In this case, Plaintiff's original suit was filed in August 2010 and dismissed by the Court in April 2011.  The savings clause gave Plaintiffs the opportunity to file a fresh lawsuit, which complied with the FTCA exhaustion requirements, by April 2012.  Had Plaintiffs filed a lawsuit in federal court by April 2012 naming the United States as a defendant, they would have complied with all of the requirements.  First, more than six months would have lapsed since the filing of the administrative claim in June 2011, so Plaintiffs would have exhausted their administrative remedies. Second, the case would have been filed approximately seven month before the statute of repose lapsed in November 2012.  Third, the savings clause may have allowed Plaintiffs to survive a motion to dismiss based on the two-year statute of limitations, if such a motion had been filed.  Fourth, assuming Plaintiffs had properly brought suit in federal district court pursuant to the FTCA, the case would have been a "fresh suit" and not subject to dismissal for failure to state a claim under the FTCA.  Finally, the federal case would not have been subject to dismissal pursuant to the derivative jurisdiction doctrine.

But Plaintiffs did not file a fresh lawsuit within a year of the initial dismissal; in fact, Plaintiffs did not file a lawsuit or refile a lawsuit within even two years after the original

---

[3]  The Seventh Circuit further noted that the "savings statute will not always frustrate the purposes of the statute of limitations or the statute of repose" because a defendant is "presumed to understand that a procedural defect in the action may cause a delay of up to one year pursuant to the savings statute." *Hinkle*, 85 F.3d at 303 (citing *Gonzalez v. Thorek Hosp. & Med. Ctr.*, 570 N.E.2d 309, 313 (1991)).  In some cases, the savings statute is employed after expiration of the limitation period and it therefore acts to extend the period by one year—and no more than one year because, just as in *Flesner* where the limitation period had not run, only one refiling is permitted when the limitation period has run.  See *Gendek v. Jehangir,* 518 N.E.2d 1051, 1053 (1988).  "It is this application of the savings provision—one in which the statutory limitation period is extended—that brings the two legislative policies into conflict: the desire to achieve adjudication on the merits and the desire to bar suits after too much time has passed." *Hinkle*, 85 F.3d at 302.

complaint was dismissed in August 2011. Plaintiffs instead sued the federal defendants again in September 2013, more than two years after the first dismissal, by amending their state court complaint. Although amending a complaint to rename previously dismissed defendants is awarded the protections of 735 ILCS 5/13-217 (as filing an amended complaint in those circumstances is just as efficacious as filing a new independent action) (see, *e.g.*, *Ryan by Ryan v. School Dist. No. 47*, 640 N.E.2d 1016 (1994)), the savings clause requires that the lawsuit be filed within one year of the first dismissal. And here that did not occur. The United States Defendants were first dismissed from Plaintiffs' original case in 2011. Under the rationale behind the savings statute, the United States Defendants could have predicted suit within a year of that dismissal. But this did not occur. Similarly, the United States could have anticipated a lawsuit in or around December 2011, after six months lapsed in the administrative process. But this did not occur either. Finally, the United States might have expected that it would be named as a defendant at the latest on or before November 2012, when the statute of repose lapsed. But this, too, did not occur. In short, Plaintiffs could have availed themselves of the savings clause had they filed by April 2012, or filed before the statute of repose ran in November 2012, but they did neither.

In sum, in regard to Counts I-III and V-VII, this third suit against the federal Defendants was filed approximately a year and half too late. Plaintiffs had the opportunity to file a timely suit that both complied with the requirements of the FTCA and fell within the four-year statute of repose, but they waited too long and now those claims are time barred. See *Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013). As set forth above, the savings clause does not rescue these claims from dismissal. Without the benefit of the savings statute, the pertinent calculations are as previously set forth. See *supra*. In other words, Plaintiffs had approximately one year to file

11

suit in federal court while complying with both the FTCA procedures and the Illinois statute of repose. By choosing instead to do nothing until September 30, 2013, they missed the one-year window provided by the savings statute and they also allowed the medical malpractice statute of repose's four-year clock to expire, extinguishing the majority of their federal claims. See *Augutis*, 732 F.3d at 754. As the Seventh Circuit noted in *Augutis*, this result is "unfortunate—and [Plaintiffs] may understandably feel frustrated with the pace of the administrative claims process—but that cannot cause us to expand the FTCA's limited waiver of sovereign immunity." *Id.* It is for Congress to decide the extent to which it wishes to waive the federal government's sovereign immunity and for the courts to uphold the lines that Congress draws.

One last point is worth noting. Plaintiffs also refer to "relation back" as a reason to deny the motion to dismiss, but they do little more than that, and likely for good reason. The relation-back doctrine has no relevance to whether this lawsuit was timely filed. Plaintiffs seem to suggest that their second case may have survived a motion to dismiss as it would have related back to their original case, but that is beside the point. Both Plaintiffs' original and second complaints were filed against federal Defendants in state court, and for various reasons those lawsuits were improper and dismissed. This present FTCA case, finally filed in the proper court and after administrative exhaustion occurred, does not relate back to any timely filed case and it was filed well after the period for filing had lapsed. Accordingly, the Court dismisses each of the claims subject to the four-year statute of repose (Counts I-III and V-VII).

**B. Motion to Intervene**

As set forth in the background section above, Plaintiff filed suit in state court in August 2010 against the federal Defendants as well as Mount Sinai Medical Center and Dr. Melvin Merritt. Mount Sinai, currently a defendant in the 2010 state court case, seeks to intervene in the

present case. Based on the Court's ruling on the United States' motion to dismiss, the case in which Mount Sinai sought to intervene is a very different case from the one that will exist following the Court's ruling.

Rule 24 governs intervention. Under Rule 24(a), intervention as of right is available to anyone who has "an interest" in the action and "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2).[4] Mount Sinai does not seek intervention as of right, but rather seeks to intervene pursuant to Rule 24(b), which provides for permissive intervention. Even when intervention as of right is not available, courts may still exercise their discretion to allow permissive intervention under Rule 24(b). See *Sokaogon Chippewa Cmty. v. Babbitt,* 214 F.3d 941, 949 (7th Cir. 2000). Permissive intervention is appropriate only when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). Mount Sinai argues that it shares a common question of law or fact with the federal Defendants because the allegations in Plaintiffs' state and federal court complaints are strikingly similar. Indeed, at the time that the motion to intervene was filed, the plaintiffs, the time frame complained of, and the conduct complained of against Access and Mount Sinai were all almost identical. However, at this time, based on the Court's ruling on the United States' motion to dismiss, the cases are now very different. There is only one federal claim, Count IV ("Survival Action" brought on behalf of the Decedent), which remains pending against only the United States. Plaintiffs Lori Rice and

---

[4] Intervention is not permitted if the "existing parties adequately represent that interest." *Id.* The Seventh Circuit has clarified that courts must allow intervention as of right only when movants satisfy four requirements: "(1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the * * * action; (3) disposition of the action threatens to impair that interest; and (4) the [parties] fail to represent adequately their interest." *Ligas ex rel. Foster v. Maram,* 478 F.3d 771, 773 (7th Cir.2007) (alterations in original) (internal quotation marks and citation omitted). A court may deny a motion to intervene if the movant fails to establish any one of these requirements. *Id.*

Paul Moczulewski no longer have claims pending. Conversely, the state court claims of Lori Rice and Paul Moczulewski (as well as of the Decedent) are still proceeding against Mount Sinai, as well as Defendant Melvin Merritt, M.D., who did not join Mount Sinai's motion and has not sought intervention. Moreover, the state court complaint asserts *17 counts* against the named defendants,[5] whereas this federal action is limited to a survival action brought on behalf of the Decedent that will look at whether Defendant's negligence caused the Decedent to suffer pain and mental anguish while she was in Lori Rice's womb.

Although the Court agrees with Mount Sinai that it would have supplemental jurisdiction over Plaintiff's state court claims, the Court in its discretion does not believe that intervention would be the best course here. As previously indicated, there is only one claim remaining in the federal case, and it is brought pursuant to the FTCA. The state court case has numerous claims remaining against both Mount Sinai and Defendant Merritt, and will be proceeding as to Defendant Merritt even if intervention were granted here. Finally, the state court case has been in litigation for four years now, and the state court judge already has resolved at least one motion to dismiss. Simply put, having dismissed most of Plaintiffs' claims in the federal action as untimely, consolidating the state court case with the remainder of the federal case would not result in the judicial economy and efficiency but rather would complicate what now should be a relatively straightforward single-cause-of-action matter.

## III. Conclusion

For the reasons set forth above, the Court grants Defendant United States of America's motion to dismiss [12] and dismisses Counts I-III and V-VII. Count IV ("Survival Action" brought on behalf of the Decedent) remains pending. The Court denies Mount Sinai Hospital

---

[5] The second amended complaint filed in the state court action asserted 17 counts against the named defendants. Even if some of those claims have since been dismissed, there are still numerous claims that exist in the state court case that no longer are viable claims in the federal litigation.

Medical Center of Chicago's motion to intervene [19].

Dated: November 26, 2014

_____
Robert M. Dow, Jr.
United States District Judge